UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARILYN CORNELIUS,

    Plaintiff,

  v.                                                    18-CV-678
                                                        DECISION AND ORDER

MACY'S,

    Defendant.

---

The pro se plaintiff, Marilyn Cornelius, has filed a complaint asserting claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the New York Human Rights Law. Docket Item 1. She also has moved to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because she cannot afford it), Docket Item 2, and to appoint counsel, Docket Item 3.

Because Cornelius meets the statutory requirements to proceed in forma pauperis under 28 U.S.C. § 1915(a), her request is granted. As a result, the Court has screened the complaint under 28 U.S.C. § 1915(e). For the reasons that follow, Cornelius's claims may proceed. Her motion to appoint counsel, however, is denied without prejudice as premature.

## **DISCUSSION**

**I.    IN FORMA PAUPERIS**

A party seeking to bring a civil action in federal court ordinarily is required to pay a $350 filing fee, 28 U.S.C. § 1914, and an additional administrative fee of $50. *See*

*Wagoner v. Ciocca*, 2016 WL 5720827, at *1 (W.D.N.Y. Sept. 30, 2016). But a litigant may ask to avoid the payments by moving for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1).

The court evaluates a litigant's financial status to determine whether he or she is eligible to proceed in forma pauperis under § 1915(a).[1] To be eligible, an applicant must complete an affidavit demonstrating that he or she meets the requirements of § 1915(a). More specifically, applicants are not required to "demonstrate absolute destitution," *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), but must establish that they cannot afford to pay for both the necessities of life and the costs of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Because Cornelius meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, she is granted permission to proceed in forma pauperis. Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court screens the complaint.

## II.     SCREENING THE COMPLAINT

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Under § 1915, the court "shall dismiss the case at any time if the court determines that [it] . . . (i) is frivolous or

---

[1] 28 U.S.C. § 1915 addresses leave to proceed in forma pauperis. That section's requirement that "the prisoner" provide a statement of all assets that he or she possesses does not preclude non-prisoners from proceeding in forma pauperis in federal court. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997). "Only prisoners, however, have the additional requirement of filing a prison trust account" statement under 28 U.S.C. § 1915(a)(2). *Id.* at 277.

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "The settled rule is that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  But leave to amend a complaint should be denied if any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted)).

Here, the complaint includes the following allegations:

> I was treated differently from younger [sales associates] that received training on every aspect of the position during specific times of the shift. [Sales associates] participated in making store rounds with managers. I was left to clean up Shoe Dept & various depts. I did not receive increase in pay. I was denied promotion after I complained to Todd Rosa, Hilary Simpson, and Teresa Hoy of discrimination. I was terminated. Company representatives continue to give me unfavorable references. Training ensured [sales associates] would be successful & gain cooperation of subordinate.

Docket Item 1 at 5. Cornelius also alleges that:

> My race is black. My color is black. My sex is female. My national origin is African descent. I am over the age of 40. I have complained to my employer about employment discrimination. In or about November 2015, I began employment with the Respondent as a [sales associate]. That was my last position there.
>
> On or about June 2017, I was denied a promotion and increased rate of pay.
>
> In or about December 2017, I was discharged after complaining to HR Manager Teresa Hay.
>
> I believe that I was denied a promotion and then discharged because of my race/black, my color/black, my sex/female, my national origin/African descent, my age, and in retaliation for complaining about employment discrimination, in willful violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

*Id*. at 8. Read liberally, the allegations in Cornelius's complaint state several claims under the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the New York Human Rights Law. Therefore, the complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

4

### III. MOTION TO APPOINT COUNSEL

Cornelius also has moved the Court to appoint counsel for her. Docket Item 3. Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." "Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In deciding whether to appoint counsel, courts should consider "the merits of the indigent's claim[,] ... the nature of the factual issues the claim presents[, and] ... the plaintiff's apparent ability to present the case." *Id.* at 60-61. The only facts this Court now has before it are those alleged in Cornelius's complaint. Without the defendants having been given an opportunity to respond, the Court lacks sufficient information to consider the factors set forth in *Hodge*.

Additionally, "the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered." *Id.* at 61. Thus, "the indigent's efforts to obtain counsel should be considered." *Id.* Here, Cornelius contends only that she does not "have any cash reserved" and therefore "cannot afford an attorney." *Id.* at 3. But some attorneys may be willing to represent a client based on a contingency fee arrangement—that is, the attorney may be willing to represent the plaintiff in exchange for a percentage of the recovery she receives if her claim is successful.

Because Cornelius's request for appointment of counsel is premature and because her motion does not sufficiently explain her efforts to obtain counsel, the motion to appoint counsel is denied without prejudice.

## **CONCLUSION**

Cornelius has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required affidavit. The Court therefore grants her request to proceed in forma pauperis, and, for the reasons set forth above, this Court finds that Cornelius's claims are legally sufficient to proceed.

## **ORDER**

In light of the above, it is ORDERED that Cornelius's motion to proceed in forma pauperis, Docket Item 2, is GRANTED; and it is further

ORDERED that Cornelius's motion to appoint counsel, Docket Item 3, is DENIED without prejudice as premature; and it is further

ORDERED that the Clerk of Court shall file the plaintiff's papers and cause the United States Marshal to serve copies of the summons, complaint, and this order upon the defendant, without any payment by the plaintiff, unpaid fees to be recoverable if this action terminates with a monetary award in the plaintiff's favor.

SO ORDERED.

Dated: February 19, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE