UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARILYN CORNELIUS,                                    **REPORT,**
                                                      **RECOMMENDATION**
                          Plaintiff,                  **AND ORDER**

v.                                                    18-CV-00678-LJV-JJM

MACY'S RETAIL HOLDINGS, INC.,

                          Defendant.
_____

   Plaintiff Marilyn Cornelius commenced this action on June 14, 2018, alleging that

she was subject to employment discrimination and harassment by defendant Macy's Retail

Holdings, Inc. *See* Complaint [1].[1]  The action has been referred to me by District Judge

Lawrence J. Vilardo for supervision of pretrial proceedings, including the preparation of a

Report and Recommendation on dispositive motions [11].

   Before the court is Macy's' Motion for an "Order compelling arbitration pursuant

to the Federal Arbitration Act ["FAA"], 9 U.S.C. §§3 and 4, and dismissing Plaintiff's

Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" [17], along with

plaintiff's Motion for denial of that relief [19]. Having reviewed the parties' submissions [17, 19,

22, 23] and heard oral argument on July 24, 2019 [24], for the following reasons Macy's' Motion

for relief under FAA §§3 and 4 is denied, plaintiff's Motion for denial of that relief is granted,

and I recommend that Macy's' request for dismissal of the Complaint likewise be denied.

_____

   [1]  Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated,
page references are to numbers reflected on the documents themselves rather than to the CM/ECF
pagination.

**BACKGROUND**

Macy's argues that plaintiff agreed to arbitrate the claims which she asserts in this action pursuant to Step 4 of Macy's' "Solutions InSTORE" dispute resolution program. *See* Macy's Memorandum of Law [17-1]. In response, plaintiff argues that she "was not given any options to refuse or opt out of arbitration". Plaintiff's Motion [19], p. 2 of 11 (CM/ECF pagination).

In addition, she argues that she "in good-faith initiated the Instore Dispute Resolution Program Process[.] While giving the pre-text of investigating the Plaintiff's claims, the Defendant did retaliate against the Plaintiff by terminating the Plaintiff's employment. Now the Defendant is attempting to force Arbitration, when they didn't comply with any of the InSTORE Dispute Resolution Program . . . . Plaintiff did complete Steps 1 and 2 of the Program[.] Theresa Hoy, Human Resource Manager told Plaintiff she would investigate claims and get back to her with her determination, however she never followed up with Plaintiff, the Defendant's resolution was to retaliate by terminating the Plaintiff's employment". Id., pp. 2, 4 of 11 (CM/ECF pagination). Plaintiff concludes by arguing that she "did not enter into a binding agreement to arbitrate all of her employment related claims, including those raised in her Complaint . . . because the Defendant did not continue to follow the steps in their own process. They voided any such agreement". Id., p. 5 of 11 (CM/ECF pagination).

In response, Macy's argues that plaintiff "makes two principal arguments (without any supporting evidence): (1) that she lacked knowledge regarding arbitration and opting out, and (2) that it was 'mandatory for all new hires to agree to arbitrate' and as a result Plaintiff 'was not giving given any options to refuse or opt out of arbitration' . . . . Plaintiff's

arguments fail in light of the clear facts and evidence presented in Defendant's Motion to
Compel". Macy's Reply Memorandum [22], p. 1. However, Macy's does not even mention
(much less respond to) plaintiff's argument that it has voided the arbitration agreement.


## DISCUSSION

"[T]he purpose of Congress in enacting the FAA was to make arbitration
agreements as enforceable as other contracts, but not more so . . . . Consequently, the party
seeking to compel arbitration bears the burden of establishing that a *binding* agreement to
arbitrate was formed." Mayfield v. Asta Funding, Inc., 95 F. Supp. 3d 685, 693 (S.D.N.Y. 2015)
(emphasis added). As noted, plaintiff argues that she "did not enter into a binding agreement to
arbitrate", because Macy's "voided any such agreement". Id., p. 5 of 11 (CM/ECF pagination).

By failing to respond to that argument in its Reply Memorandum, Macy's
concedes the point for purposes of these motions. *See* Gustavia Home, LLC v. Hoyer, 362 F.
Supp. 3d 71, 86 (E.D.N.Y. 2019) ("a party concedes through silence arguments made by its
opponent that it fails to address"); CVS Pharmacy, Inc. v. Press America, Inc., 377 F. Supp. 3d
359, 383 (S.D.N.Y. 2019) ("a party may be deemed to have conceded an argument by failing to
address it in its briefing"); Dean v. University at Buffalo School of Medical and Biomedical
Sciences, 804 F.3d 178, 187 (2d Cir. 2015) ("given their failure to address [the argument] . . . the
district court assumed that Defendants conceded that issue").

At oral argument, counsel for Macy's suggested that plaintiff's "termination had
absolutely nothing to do with the Solutions InSTORE program" (chambers transcription from
digital recording). However, "[g]iven defendant's failure to mention this argument in its papers,

raising any such claim even explicitly at oral argument would have been to no avail". Goldberg v. UBS AG, 690 F. Supp. 2d 92, 99 (E.D.N.Y. 2010). *See also* United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 78 (2d Cir. 2002) (the court need "not consider arguments raised only at oral argument"). Since Macy's has failed to rebut plaintiff's argument that the arbitration agreement has been voided, its motion to compel arbitration and stay the litigation is denied. *See* Cumming v. Independent Health Association, Inc., 2014 WL 3533460, *2 (W.D.N.Y. 2014) ("a motion to compel arbitration and stay the case is non-dispositive").

For the same reason, I recommend that Macy's' Motion be denied to the extent that it requests dismissal of the Complaint. In fact, dismissal would not be appropriate even if arbitration and a stay *had* been ordered; for while the FAA authorizes the court (where appropriate) to stay litigation pending the completion of arbitration (§3) and to compel arbitration (§4), neither section authorizes the court to dismiss the Complaint. "[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." National Railroad Passenger Corp. v. National Association of Railroad Passengers, 414 U.S. 453, 458 (1974).

"We recognize that efficient docket management is often the basis for dismissing a wholly arbitrable matter . . . . But this is not reason enough. While district courts no doubt enjoy an inherent authority to manage their dockets . . . that authority cannot trump a statutory mandate, like Section 3 of the FAA, that clearly removes such discretion." Katz v. Cellco Partnership, 794 F.3d 341, 346 (2d Cir. 2015). "In other words, although an order compelling arbitration may narrow the scope of the District Court's review of the arbitrator's decision, there

is no final exercise of Article III power at the time the court acts on the motion to stay."
<u>Cumming</u>, 2014 WL 3533460, *2.


## CONCLUSION

For these reasons, Macy's' Motion to compel arbitration and stay this action [17] is denied, plaintiff's Motion for denial of that relief [19] is granted, and I recommend that Macy's' request for dismissal of the Complaint [17] likewise be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by August 19, 2019. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".    Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

Dated: August 5, 2019

                                          /s/ Jeremiah J. McCarthy
                                         JEREMIAH J. MCCARTHY
                                         United States Magistrate Judge