UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

MARILYN CORNELIUS,

    Plaintiff,

v.                                                                18-CV-678 (JLS) (JJM)

MACY'S RETAIL HOLDINGS, INC.,[1]

    Defendant.

───────────────────────────────

## DECISION AND ORDER

### I. Background

On June 14, 2018, Plaintiff Marilyn Cornelius commenced this action against her former employer, Defendant Macy's Retail Holdings, Inc., alleging employment discrimination claims in violation of Title VII, the Age Discrimination in Employment Act, and New York State Human Rights Law. *See* Dkt. 1. Defendant answered the complaint on April 29, 2019, raising numerous affirmative defenses, including that Cornelius's claims "are subject to binding arbitration pursuant to [her] agreement to arbitrate all disputes arising from or related to her employment." Dkt. 10, at 4 ¶ 1.[2]

---

[1] Cornelius named "Macy's" as the defendant in this case. *See* Dkt. 1. Defendant states that Macy's Retail Holdings, Inc. is the "correctly-named Defendant in this matter." *See* Dkt. 10, at 2 ¶ 2; Dkt. 17-1, at 1 n.1. Because Cornelius does not oppose this change—and, in fact, requests it—the Court will ask the Clerk of Court to update the docket to reflect the amended caption, above. *See* Dkt. 19, at 1.

[2] All page references are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

This Court[3] referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 11. At the preliminary pretrial conference, Defendant indicated that it would move to compel arbitration. *See* Dkts. 14, 15. Defendant filed that motion on June 13, 2019, asking Judge McCarthy to compel arbitration of Cornelius's claims and to dismiss her complaint. *See* Dkt. 17. Cornelius opposed the motion. Dkt. 19.[4] Defendant replied in further support (Dkt. 22), and Cornelius filed a sur-reply (Dkt. 23). Judge McCarthy heard oral argument on July 24, 2019. Dkt. 24.

Judge McCarthy issued a Report, Recommendation, and Order ("RR&O") on August 5, 2019: (1) denying Defendant's motion to compel arbitration; and (2) recommending that this Court deny Defendant's motion to dismiss. *See* Dkt. 25, at 1. In particular, Judge McCarthy held that Defendant conceded Cornelius's argument that its conduct rendered the arbitration agreement voidable, which required denying Defendant's motion to compel arbitration. *See id.* at 2-4. And he recommended denying Defendant's motion to dismiss because the Federal Arbitration Act authorizes courts to stay cases pending arbitration, not dismiss them. *See id.* at 4-5.

---

[3] Honorable Lawrence J. Vilardo was originally assigned to this case and ordered the referral to Judge McCarthy. Dkt. 11. On January 5, 2020, this case was reassigned to the undersigned. Dkt. 31.

[4] Cornelius also moved for leave to amend the complaint to substitute Macy's Retail Holdings, Inc. as defendant. As previously mentioned, the Court grants her motion. *See supra* note 1.

2

On August 19, 2019, Defendant objected to the RR&O, arguing that denial of its motion to compel arbitration is clearly erroneous, and that Judge McCarthy erred in recommending denial of its motion to dismiss. *See* Dkt. 27, at 6, 22-23. Cornelius responded to Defendant's objections, and Defendant replied in further support. Dkts. 29, 30.

## II. Review of Order Denying Motion to Compel Arbitration

The referral order authorized Judge McCarthy to "hear[] and dispos[e] of all non-dispositive motions or applications." Dkt. 11. When a party timely objects to a magistrate judge's order, the Court must modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Judge McCarthy recognized—and Defendant does not dispute—that motions to compel arbitration are non-dispositive. *See* Dkt. 25, at 4; *Cumming v. Independent Health Ass'n, Inc.*, No. 13-CV-969 A(F), 2014 WL 3533460, at *1-*2 (W.D.N.Y. July 16, 2014). The Court therefore reviews the order denying Defendant's motion to compel arbitration under the clearly erroneous/contrary to law standard.

Judge McCarthy concluded that, by failing to respond to Cornelius's argument in a written reply, Defendant conceded that it voided any agreement to arbitrate. *See* Dkt. 25, at 3-4. Defendant does not dispute that its reply

3

memorandum lacked an opposition to Cornelius's argument. *See generally* Dkt. 27; *see also* Dkt. 22. Instead, Defendant argues that Cornelius did not fully develop this argument until oral argument, Defendant addressed the argument at oral argument, and Defendant was denied a chance to file a post-argument submission to address Cornelius's argument.

But Cornelius's opposition contains more detail than Defendant suggests. Cornelius states:

> [W]ithout having all of the pertinent information and given the option to opt-out the Plaintiff did not enter into a binding agreement to arbitrate all of her employment related claims, including those raised in her Complaint and because Defendant did not continue to follow the steps in [its] own process. [It] voided any such agreement.
>
> With regards to the Declaration of Cynthia Ripak, when the Plaintiff contacted the Office of Solutions InStore the associate was not very accommodating and did not offer to explain the process[.] I was told he would forward my complaint to Theresa Hoy and she would contact the Plaintiff.

Dkt. 19, at 5. Defendant chose not to respond to this argument in its reply submission. *See generally* Dkt. 22. Given that choice, the Court cannot conclude that Judge McCarthy clearly erred when he denied Defendant's motion to compel arbitration. *See* Dkt. 25, at 3-4 (citing cases regarding concession by silence).[5]

---

[5] Defendant also argues that Judge McCarthy erred in denying its motion because "Plaintiff's argument has no merit that would not constitute a ground for denying the Motion to Compel," suggesting that the record lacked evidence and legal support to deny Defendant's motion. *See* Dkt. 27, at 7-8. But Judge McCarthy based his decision on Defendant conceding Cornelius's argument. *See* Dkt. 25, at 3-4. The clear error standard applies to the Court's review here, and the Court declines to engage in the *de novo* review that Defendant invites.

4

III. **Review of Recommendation to Deny Motion to Dismiss**

Defendant asked the Court to dismiss—rather than stay—this action after granting its motion to compel arbitration. *See* Dkt. 27, at 22-23. Judge McCarthy concluded that dismissal would be inappropriate. *See* Dkt. 25, at 4-5. A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Defendant's objection to the recommendation that this Court deny the motion to dismiss is a dispositive matter subject to *de novo* review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 71(b)(3).

Because the Court affirms Judge McCarthy's order denying Defendant's motion to compel arbitration, it need not reach this objection. But the Court nevertheless reviewed the RR&O, the briefing on objections, and the relevant record. Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to deny the motion to dismiss. Whether or not "[a]ll of Cornelius'[s] claims against Macy's are arbitrable," dismissal is inappropriate. Dkt. 17-1, at 26; *see Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) (joining "those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested," and noting that the "plain language [of the FAA] specifies that the court 'shall' stay proceedings pending arbitration, provided an application is made and certain conditions are met").

5

## CONCLUSION

For the reasons stated above and in the RR&O, the Court:

- Affirms Judge McCarthy's order denying Defendant's motion to compel arbitration (Dkt. 17) and, to the extent necessary, grants Cornelius's motion requesting that the Court deny the motion to compel arbitration (Dkt. 19);

- Accepts and adopts Judge McCarthy's recommendation to deny Defendant's motion to dismiss (Dkt. 17); and

- Refers the case back to Judge McCarthy for further proceedings consistent with the referral order at Dkt. 11.

The Clerk of Court shall update the docket to reflect the caption on this decision and order.

SO ORDERED.

Dated:   February 2, 2021
         Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE